McKinney, J.
delivered the opinion of the court.
This was a petition to the circuit court of Madison, to have two executions, issued by a justice of the peace, superseded and quashed, at the instance of the alleged stayor.
It appears that on the 28th of October, 1848, two judgments were confessed by John P. Thomas and W. R. Thomas, in favor of Barr, before Robert Stark, Esq., one for $195, and the other for $75. Following the judgment, in each case, is an entry by the justice in these words, “stayed by Albert McGre-gor, Oct. 28th, 1848.”
On the 28th July, 1848, executions were issued on said judgments, jointly, against the principal defendants and Mc-Gregor as stayor; and the former having no property to satisfy the same, the officer proceeded to levy upon the property of the latter, who thereupon filed this petition.
In the petition, he denies that he ever gave authority to said justice to enter him as stayor of said two judgments ; that the act of the justice was unauthorized, illegal and void, and that he had no knowledge that he was so entered as stayor until after the stay had expired.
*519 The justice was examined and stated, that on the morning of the day on which said judgments were rendered byfifim, the plaintiff, Barr, first brought to his office the warrant issued for the larger debt, on the back of which was an acknowledgment of service by the defendants, and enclosed therein was the note upon which it issued, and also a paper in the following words, viz: “Esq. Stark, please enter my name as stay to a judgment that B. Barr recovered before you against John P. Thomas, and oblige yours, October, 1848, Albert McGre-gor.” The justice thereupon proceeded to render judgment upon said warrant; and, by virtue of the foregoing authority, entered McGregor as stayor to the execution. In the afternoon of the same day, the plaintiff likewise brought to his office the warrant in the other case, with the note on which it issued, service of which was also acknowledged by the defendants, but unaccompanied with any authority t.o stay execution. And on a subsequent day, the justice entered McGregor as stayor in the latter case, by virtue of the paper writing above set forth, supposing the intention of the parties to have been, that it should apply to both judgments. McGregor was not present, and the justice had no other authority to use his name in either case than the paper above referred to.
Upon these facts, the circuit court held, that the justice had no authority to enter the name of McGregor as stayor in either case, and quashed the executions as to him, and the plaintiff appealed in error to this court.
In the judgment of the circuit court we think there is no error. The stay of an execution, in proceedings before a justice of the peace, is, in effect, the confession of a judgment; so it has been regarded in various adjudications of this court; and, in strictness, a written authority to the justice to enter the name of an absent individual as stayor, should possess, if not all the formal, at least the substantial requisites of a letter, or power of attorney to confess judgment. Not intend *520 ing, however, to introduce any new principle, or to go beyond the spirit of former decisions, we do not deem it necessary, in the present case, to do more than state the established and inflexible rule, that the written authority to the justice must, upon its face, contain such a referenee to, and description of the judgment, the execution of which is intended to be stayed, in some one or more particulars, as without the aid of extrinsic evidence, will render it reasonably certain, that the judgment referred to in the written authority is the identical judgment to which the stayor intended to become surety. We do not mean to say that, if the description be not full, extrinsic evidence may not be admitted to aid the defective desci'iption : we think it may, but we do mean to lay down the principle distinctly, that parol evidence cannot bé received to establish, that the written authority was intended to apply to a judgment, to which the writing, upon its face, in no one certain, and distinctive particular, relates.
Applying this principle to the facts in the case before us, it is clear that the paper before referred to, contained no war-rantor authority to the justice to enter McGregor as stayor, of said two judgments, or either of them.
1st. The paper, upon its face, refers to but one judgment, and that a judgment which had been already rendered, prior to the time when said paper was written, whereas the two judgments in question were rendered after the execution of said paper.
2d. The judgment specified in the paper, is one that B. Barr recovered against John P. Thomas, not a judgment against John P. and W. R. Thomas.
3d. The amount of the judgment is not stated.
4th. The paper does not upon its face relate to or describe either judgment, and cannot be applied to either.
The judgment will be affirmed.